UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABEL ORTIZ,

                Petitioner,

        - against -

N.Y.S. PAROLE IN BRONX, N.Y.,

                Respondent.

OPINION AND ORDER

06 Civ. 0802 (LAP) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Petitioner Abel Ortiz has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2006, Ortiz filed an application for appointment of counsel. For the reasons which follow, Ortiz's request for counsel is **DENIED**.

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir.

1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. **Id**. at 61-62.

Ortiz satisfies the threshold requirement of indigence insofar as he is incarcerated and is unable to afford counsel. Ortiz maintains that he lacks the ability to litigate his case. However, Ortiz has demonstrated the ability to properly file a habeas corpus petition setting forth relevant facts. Ortiz's habeas petition does not present novel or complex legal issues. After careful review of Ortiz's application, the Court finds that appointment of counsel is not warranted. Accordingly, Ortiz's application for counsel is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Ortiz's application for appointment of counsel is hereby **DENIED**.

**SO ORDERED this 1st day of August 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

2