UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABEL ORTIZ,

                    Petitioner,

           - against -

N.Y.S. PAROLE IN BRONX, N.Y.,

                    Respondent.

**OPINION AND ORDER**

**06 Civ. 0802 (LAP) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Petitioner Abel Ortiz ("Ortiz") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2006, Ortiz filed an application for appointment of counsel which was denied. On August 31, 2006, Ortiz requested this court to reconsider the denial of application for appointment of counsel, requested an extension of time to reply to respondent's memorandum of law in opposition to his petition for a writ of habeas corpus, and requested a hearing on his case. For the reasons which follow, Ortiz's requests are **DENIED**.

## II. DISCUSSION

**A. Appointment of Counsel**

On August 1, 2006, after careful review of Ortiz's application, this Court found that appointment of counsel for Ortiz was not warranted. This Court found that Ortiz satisfied the threshold requirement of indigence insofar as he was incarcerated and unable to afford counsel. Further, this Court found that Ortiz had demonstrated the ability to properly file a habeas corpus petition setting forth relevant facts, and that Ortiz's habeas petition did not present novel or complex legal issues. Ortiz has presented no new information to cause the Court to change its

determination.  Accordingly, Ortiz's application for counsel is **DENIED**.

   1. **Extension of time**

By Order dated February 21, 2006, this Court directed Ortiz to file reply papers on or before May 24, 2006.  Ortiz has not shown good cause for delaying his reply.  Accordingly, Ortiz's request for an extension of time is **DENIED**.

   2. **Hearing**

Absent dispute as to the adequacy of the fact-finding process or an allegation of newly discovered evidence, this Court has the discretion to deny hearing requests made by habeas corpus petitioners.  *See* **Lawrie v. Snyder**, 9 F. Supp. 2d 428, 438-39, n.5 (D. Del. 1998), *app*. *denied*, 176 F.3d 472 (3d Cir.), *cert*. *denied*, 526 U.S. 1081 (1999) (a court has the discretion to hold a hearing unless a hearing is mandatory or prohibited under **Townsend v. Sain**, 372 U.S. 293 (1963)); *cf.* 28 U.S.C. § 2254(e)(2) (superceding the fifth circumstance in **Townsend** by limiting evidentiary hearings to claims that rely on a constitutional law made retroactive or a previously undiscoverable factual predicate).  Ortiz has not presented a circumstance that mandates a hearing.  Furthermore, the record presented to this Court suffices to make an appropriate judgment on Ortiz's habeas corpus petition.  Therefore, Ortiz's request for a hearing in this Court is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Ortiz's requests for appointment of counsel, for an extension of time and for a hearing are hereby **DENIED**.

SO ORDERED this 20th day of November 2006
New York, New York

*[signature: Ronald Ellis]*

The Honorable Ronald L. Ellis
United States Magistrate Judge